# EXHIBIT O

IN THE CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI

PLAZA GARDENS ON THE LAKE
CONDOMINIUM OWNERS' ASSOCIATION,
INC., a not-for-profit corporation

and

SCHLUP INVESTMENT, INC.,

    Plaintiffs,

v.

COLONY INSURANCE
COMPANY,
Serve:
c/o Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

and

SCHLUP INVESTMENT, INC.

    Defendants.

Case No.: 14CM-CC00168
Division



## PETITION

COME NOW, Plaintiffs, Plaza Gardens on the Lake Condominium Owners' Association, Inc. and Schlup Investment, Inc., and for their Petition, state and allege as follows:

### PARTIES AND BACKGROUND

1. Plaintiff Plaza Gardens on the Lake Condominium Owners' Association, Inc. ("the Association") is a Missouri not-for-profit corporation established pursuant to a Declaration of Covenants, Restrictions, Assessments and Easements, and pursuant to the provisions of Chapter 448 of the Missouri Revised Statutes, a/k/a the Uniform Condominium Act.

2.  Plaintiff/Defendant[1] Schlup Investment, Inc. ("SII") is a Missouri corporation with its principal place of business located in Sunrise Beach, Missouri.

3.  Defendant Colony Insurance Company ("Colony") is, and at all times relevant hereto has been, a foreign insurance company licensed and authorized to do business in the State of Missouri and writing insurance policies and doing business in the State of Missouri, capable of suing and being sued in the courts of this State, and who may be served in the manner as set forth in the caption above.

4.  This court has personal jurisdiction over the Colony because it transacts business in the State of Missouri and contracted to provide a policy of insurance applicable to a Missouri insured, namely SII.

5.  Venue is proper in Camden County, Missouri, in that Colony is a non-resident of Missouri and it is the county where the Plaintiffs were first injured by the wrongful acts of the Colony.

6.  On October 13, 2009, the Association and several of its members, filed suit against SII, and others, in the Circuit Court of Camden County, Missouri, Case No. 09CM-CC00376 ("First Lawsuit") for property damage incurred as a result of their acts and/or omissions in developing and maintaining the Plaza Gardens on the Lake Condominium development ("PGCD"). As more fully set forth in the last version of the petition filed in that case, **Exhibit 1** hereto, the Association alleged SII was negligent in failing to fulfill its common law and statutory duties of care, causing damage to property of which the Association was a real party in interest.

---

[1] Schlup Investment, Inc. is named as a defendant for purposes of complying with RSMo 379.200 on the Association's equitable garnishment action.

7. The First Lawsuit was tendered to Colony for defense and indemnification under Colony insurance policy GL3127434, policy period 12/24/03 – 12/24/2004 ("Policy"), which is incorporated herein by reference.

8. Colony issued a Notice of Cancellation of the Policy, effective June 22, 2004.

9. A true and accurate copy of Policy and Cancellation Notice are attached hereto as **Exhibit 2**.

10. On August 7, 2013 Colony, acknowledging receipt of the First Lawsuit and the insureds tender of defense and indemnification under the Policy, advised SII, in writing, that it did not believe the Policy applied to any aspect of the loss and, therefore, SII had no coverage under the Policy. A true and accurate copy of Colony's August 7, 2013 denial letter is attached hereto as **Exhibit 3**.

11. On September 13, 2013, personal counsel for SII notified Colony in writing of the Association's demand to fully and finally settle the claims against Colony's insured, SII, arising from the PGCD, in exchange for payment of Colony's aggregate policy limits of $2,000,000.00. A true and accurate copy of SII's personal counsel's September 13, 2013 letter to Colony enclosing the Association's demand for $2,000,000.00 is attached hereto as **Exhibit 4**.

12. Colony had the opportunity to fully and finally settle the Association's claims against SII, arising out of the PGCD, within its policy limits, but refused to do so.

13. SII's personal counsel's letter of September 13, 2013, **Exhibit 4**, documented Colony's complete lack of communication with its insured, SII, from March 2013 when the First Lawsuit was tendered, until August 2013 when counsel called demanding a response. See, **Exhibit 4**.

14. SII's personal counsel's letter of September 13, 2013, **Exhibit 4**, documents Colony's refusal to acknowledge two separate instances of written notice to Colony of mediation conducted in of the First Lawsuit on July 31, 2013, and an Order by the court requiring Colony to participate on behalf of its insured. See, **Exhibit 4**. A true and accurate copy of the Order requiring Colony to participate in mediation is attached hereto as **Exhibit 5**.

15. Colony received more than one notice of SII's demand to participate in the July 31, 2013 mediation of the First Lawsuit, and, nevertheless, failed to respond or and refused participate in the mediation in any respect in violation of the court's order.

16. SII's personal counsel's letter of September 13, 2013, **Exhibit 4**, documents production to Colony on June 26, 2013 of virtually his entire case file from four years of litigation on the First Lawsuit and a demand for a copy of the insurance policy. See, **Exhibit 4**.

17. Colony received virtually the entire case file from SII's personal counsel on the First Lawsuit and had ample opportunity to fully investigate the loss. Colony, however, failed to conduct a reasonable investigation of the claim and loss submitted by SII.

18. SII's personal counsel's letter of September 13, 2013, **Exhibit 4**, documents his phone call with Colony in August 2013, during which Colony made no representations that anything had been done to investigate the First Lawsuit and that after the phone call, Colony finally provided a copy of the insurance policy and a coverage denial letter. See, **Exhibit 4**.

19. The First Lawsuit was tried to a jury in the Circuit Court of Camden County Missouri, beginning October 1, 2013.

20. On or about October 1, 2013, the first day of trial, defendant SII was dismissed without prejudice and defendants Plaza Gardens on the Lake, Inc., SII and Michael Schlup reached a settlement with the Association and its individual members for a total $7,000,000.00,

4

comprised of the policy limits for three separate insurance carriers (the "Settlement Agreement"). A true and accurate copy of the October 1, 2013 Settlement Agreement is attached hereto as **Exhibit 6**.

21. The Settlement Agreement, on page 3, specifically provides:

NOTHING IN THIS AGREEMENT CONSTITUTES A RELEASE OF SCHLUP INVESTMENT, INC. NOTHWITHSTANDING ANY LANGUAGE HEREIN TO THE CONTRARY.

See, **Exhibit 6**.

22. The Settlement Agreement, on page 4, article 4(d) specifically provides:

Schlup Investment, Inc. assigns any action or claim it has or may have against Colony for breach of contract, bad faith, or any other causes of action arising out of the refusal by Colony to defend and settle the claims made by Plaintiffs against Schlup Investment, Inc. Schlup Investment, Inc. agrees that Plaintiffs may prosecute such claims against Colony in the name of Schlup Investment, Inc. and that Schlup Investment, Inc., and Michael G. Schlup will cooperate with Plaintiffs in prosecuting such claims in the event there is a judicial determination that such claims are not assignable.

See, **Exhibit 6**.

23. On January 9, 2014, the Association filed suit against SII in the Circuit Court of Camden County, Missouri, Case No. 14CM-CC00005 ("Underlying Lawsuit"), for property damage incurred by the Association as a result of SII's acts and/or omissions arising out of the PGCD.

24. As more fully set forth in its petition in the underlying lawsuit, **Exhibit 7** hereto, the Association alleged SII was negligent in failing to fulfill its common law and statutory duties of care, causing damage to property of which the Association is a real party in interest.

25. On March 10, 2014, at 3:18pm, the day an answer was due on behalf of SII, Colony notified SII's personal counsel by email that it had determined it had no duty to defend or indemnify its insured, SII, and would not be responding to the petition tendered to it for a

5

defense on January 23, 2014. The basis for Colony's denial was not included in the notice. A true and accurate copy of Colony's March 10, 2014 email denial of coverage is attached as **Exhibit 8**.

26. Some ten weeks later, on April 4, 2014, Colony provided a second denial letter to SII stating that, "[b]ecause the claims are not covered under the Policy, Colony has no duty to defend or indemnify; or to take action; or perform acts or services." A true and accurate copy of Colony's April 4, 2014 written denial of coverage is attached as **Exhibit 9**.

27. The Underlying Lawsuit was tried to the court in the Circuit Court of Camden County, Missouri, before Judge Ralph H. Jaynes, on July 15, 2014.

28. On July 21, 2014, the Circuit Court of Camden County, Missouri, Judge Ralph H. Jaynes, presiding, after trial, entered a valid and enforceable judgment in favor of the Association and against SII in the amount of $20,153,878.87, plus post-judgment interest at the rate of 5.09%. A true and accurate copy of the Judgment is attached hereto as **Exhibit 10**.

## COUNT I – EQUITABLE GARNISHMENT

(Plaintiff Association v. Colony and SII)

29. Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1 through 28 above.

30. SII's acts and omissions which gave rise to the Judgment against it in the Underlying Lawsuit occurred during the Policy period of December 24, 2003 and when Colony claims to have cancelled the Policy on June 22, 2004. See, Judgment, **Exhibit 10**.

31. The Judgment, **Exhibit 10**, resulted from loss and damage insured against by Colony under the Policy, **Exhibit 3**.

32. RSMo. § 379.200 provides:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. This section shall not apply to any insurance company in liquidation.

33. The Association is a judgment creditor of Colony within the meaning of RSMo. § 379.200.

34. The Judgment is a valid, final judgment which, by the terms of its insurance contract with SII, Colony is obligated to pay.

35. SII refuses to pay the Judgment as set forth in **Exhibit 10**, or any portion of the Judgment.

36. Colony refuses to pay the Judgment as set forth in **Exhibit 10**, or any portion of the Judgment.

37. Pursuant to RSMo. § 379.200, the Association is entitled to have the insurance monies provided for in the aforesaid contract of insurance with Colony apply to satisfy the Judgment, with post-judgment interest.

38. The Association is entitled to proceed in equity to reach and apply the insurance money of the Colony Policy to satisfy the Judgment, **Exhibit 10**.

WHEREFORE, The Association prays for judgment against Colony herein as follows:

(a) Declaring that the coverage afforded SII under the Policy includes coverage for the Association's damages as described in **Exhibits 7** and **10** and reduced to the Judgment set forth in **Exhibit 10**;

(b) Declaring that Colony is liable to the Association in the amount of $2,000,000.00 (Two Million and 00/100 Dollars), the Policy limit, and ordering Colony to pay such sum to the Association;

(c) Ordering Colony to pay the Association's court costs incurred in the Underlying Lawsuit, Camden County Circuit Court Case No. 14CM-CC00005;

(d) Ordering Colony to pay post-judgment interest on $20,153,878.87 (Twenty Million One Hundred Fifty-Three Thousand Eight Hundred Seventy-Eight and 87/100 Dollars), the full amount of the Association's Judgment in the Underlying Lawsuit, Camden County Circuit Court Case No. 14CM-CC00005, at the rate of 5.09% per annum from and after the entry of the Judgment, Exhibit 10, through the date upon which Colony pays the sum specified in subpart (b);

(e) Ordering Colony to pay the Plaintiff's court costs in this action;

(f) Ordering such other and further relief as the Court deems just and proper.

### COUNT II – BAD FAITH
(Plaintiff Schlup Investment, Inc. v. Colony Insurance Company)

39. Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1 through 38 above.

40. The Association sustained property damage as a result of the negligence, acts and/or omissions of SII as described in the Associations' petitions in the Circuit Court of Camden County, Missouri, **Exhibits 1** and **7**, as shown in discovery during the aforementioned cases, and as found and determined in the Judgment, **Exhibit 10** hereto.

41. At the time that the property damage occurred as a result of the negligence, acts or omissions of SII, SII was insured under the Policy issued by Colony to SII.

Colony - 001481

42. The property damages sustained by the Association were caused by one or more occurrences that took place within the coverage territory of the Policy issued to SII by Colony.

43. The property damage sustained by the Association were caused by or resulted from business covered by the Policy.

44. The property damages sustained by the Association occurred during the policy period issued to SII by Colony.

45. SII demanded that Colony provide SII with a legal defense to the Association's claims in both the First Lawsuit and the Underlying Lawsuit and indemnity for the claims alleged by the Association in both the First Lawsuit and the Underlying Lawsuit.

46. Colony completely refused to provide any defense to the claims asserted by the Association in both the First Lawsuit and the Underlying Lawsuit.

47. SII complied with all applicable policy conditions contained within the Colony Policy.

48. A mediation was held in the First Lawsuit on July 31, 2013 in an attempt to completely and finally resolve the claims that had been asserted by the Association against SII in the First Lawsuit.

49. Despite receiving multiple demands and being ordered by the Court to appear, Colony refused to send an employee or agent to the mediation.

50. Following the mediation, on September 13, 2013, Colony was provided notice of the Association's written demand of a total of $9,000,000.00, which included the combined policy limits for the defendants under Auto-Owners Insurance, Zurich, Western World Insurance Company and Colony policies. The demand also stated,

> As you know, Auto-Owners, Zurich and Western World have already agreed to pay their policy limits under the above policies. Accordingly, $7,000,000 of the $9,000,000

demand has been met. The only reason for the failure of this matter to settle as to the Schlup defendants [which included SII] is the failure of an agreement to pay the last $2,000,000. My understanding from you is that Colony Specialty Insurance is refusing to contribute.

See, the attachment to **Exhibit 4**.

51. Despite SII's clear and unambiguous demand that they do so, Colony refused to settle and resolve the claims against SII for the amount that had been demanded by the Association within the limits of the Colony Policy.

52. The refusal of Colony to settle and finally resolve the claims against SII arising out of the PGCD in the First Lawsuit exposed SII to a potential excess verdict in not only the First Lawsuit, but also the Underlying Lawsuit.

53. Colony owed a fiduciary duty to SII to evaluate and negotiate the claims against SII in the First Lawsuit and in the Underlying Lawsuit in good faith.

54. Following Colony's refusal to settle within policy limits or provide any defense in either the First Lawsuit or the Underlying Lawsuit, a trial on the merits of the Association's claims against SII was conducted, to the Court.

55. The Court, upon hearing evidence presented by the Association in the Underlying Lawsuit, entered Judgment in the Association's favor and against SII. A true and accurate copy of the Judgment is attached hereto as **Exhibit 10**.

56. As a direct and proximate result of the breaches of duties owed by Colony to SII, SII sustained damages including, but not limited to, the entry of a judgment against SII and in favor of the Association in the amount of $20,153,878.87, plus post-judgment interest at the rate of 5.09%.

57. In breaching its duties to SII, Colony acted in bad faith, with reckless indifference, and with conscious disregard for SII's rights, such that SII is entitled to extra-

10

contractual damages, its attorney fees incurred in prosecuting this action and punitive damages in an amount sufficient to deter Colony from similar conduct in the future.

WHEREFORE, SII prays for judgment against Colony for SII's actual damages in the amount of $20,153,878.87, plus post-judgment interest at the rate of 5.09% from the date of the Judgment, for SII's attorney fees in prosecuting this action, for punitive damages in an amount sufficient to deter Colony, and others, from similar conduct in the future, and for such other and further relief as the Court deems just, equitable and proper.

## COUNT III – BREACH OF FIDUCIARY DUTY
(Schlup Investment, Inc. v. Colony Insurance Company)

58. Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1 through 57 above.

59. Colony owed fiduciary duties to SII as a result of the claims asserted against SII in the First Lawsuit and the Underlying Lawsuit.

60. Colony breached one or more fiduciary duties owed to SII in the refusal to evaluate and negotiate the claims against SII in the First Lawsuit and Underlying Lawsuit.

61. Colony breached one or more fiduciary duties owed to SII in failing to consider the interests of SII and refusing to provide a defense (or participate in providing a defense) or settle within policy limits in the First Lawsuit and the Underlying Lawsuit.

62. As a direct and proximate result of the breaches of duties owed by Colony to SII, SII sustained damages including, but not limited to, the entry of a judgment against SII and in favor of the Association in the amount of $20,153,878.87, plus post-judgment interest at the rate of 5.09%.

63. In breaching its duties to SII, Colony acted in bad faith, with reckless indifference, and with conscious disregard for SII's rights such that SII is entitled to extra-

against SII and in favor of the Association in the amount of $20,153,878.87, plus post-judgment interest at the rate of 5.09%.

WHEREFORE, SII prays for judgment against Colony for SII's actual damages in the amount of $20,153,878.87, plus post-judgment interest at the rate of 5.09% from the date of the Judgment, for SII's attorney fees in prosecuting this action, for punitive damages in an amount sufficient to deter Colony, and others, from similar conduct in the future, and for such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

LONG & ROBINSON, LLC

By _/s/_____
Scott C. Long            MO # 42900
Burke D. Robinson        MO # 52953
9401 Indian Creek Parkway, Suite 800
Overland Park, Kansas 66210-2128
(913) 491-9300 Telephone
(913) 491-9323 Facsimile
slong@longrobinson.com
brobinson@longrobinson.com
**ATTORNEYS FOR PLAINTIFFS**

Colony - 001485