UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AIG SPECIALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | 15-cv-3896 (VSB)<br><br>**COLONY INSURANCE COMPANY'S RULE 56.1 RESPONSE TO AIG SPECIALTY INSURANCE COMPANY'S RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS AND COLONY'S RULE 56.1 STATEMENT OF ADDITIONAL UNDISPUTED FACTS REQUIRING THE DENIAL OF AIG'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Civil Rule 56.1, Colony Insurance Company submits the following Response to AIG Specialty Insurance Company's Rule 56.1 Statement of Undisputed Material Facts and its Rule 56.1 Statement of Additional Undisputed Facts Requiring the Denial of AIG's Motion for Summary Judgment:

　　　　1.　　This insurance coverage action arises out of Plaintiff, Colony Insurance Company's ("Colony") demand for indemnity incurred in connection with a bad faith claim filed against it by its insured, Schlup Investments Inc. ("Schlup"). See Declaration of Robert Novack ("Novack Decl."), Ex. A (Dkt. No. 1, Complaint).

　　　　**RESPONSE:** <u>Disputed</u>. This insurance coverage action arises out of AIG's denial of coverage for the settlement and defense costs that resulted from the demand made by Colony's insured, Schlup Investment, on July 23, 2014, that Colony pay a $20 Million extra-contractual judgment that was entered against Schlup Investment in a January 9, 2014, lawsuit filed by Plaza Gardens on the Lake Condominium Association (the 2014 Lawsuit) and the Garnishment Lawsuit that Plaza Gardens filed against Colony on August 4, 2014, demanding that Colony pay the $20 Million judgment (collectively referred to by Colony as the Extra-Contractual Claim). (Vandiver

Aff.[1], ¶22, Ex. L, July 23, 2014, letter and $20 Million judgment; Vandiver Aff., ¶26, Ex. N, Garnishment Lawsuit, without exhibits; Vandiver Aff., ¶45, Ex. U; Vandiver Aff., ¶46).

2. AIG Specialty issued an Insurance Company Professional Liability ("ICPL") Insurance Policy # 01-424-48-29 to Argo Group International Holding, Ltd. (the "Policy"). Novack Decl., Ex. B (AIG Policy).

**RESPONSE:** Undisputed.

3. Colony is an insured pursuant to Endorsement #23. *Id.*

**RESPONSE:** Undisputed.

4. The Policy was effective for the period of October 1, 2013 to October 1, 2014. *Id.,* Declarations, Item 2.

**RESPONSE:** Undisputed.

5. The Policy provides a Limit of Liability of $10,000,000 (including Defense Costs, Charges and Expenses), subject to a $1,500,000 Retention Amount for each Wrongful Act or series of continuous, repeated or interrelated Wrongful Acts. *Id.,* Declarations, Items 3 and 4.

**RESPONSE:** Undisputed.

6. The Policy defines "Wrongful Act" as "any breach of duty, neglect, error, misstatement, misleading statement, omission or other act done or wrongfully attempted." *Id.* "Definitions," ¶7.

**RESPONSE:** Undisputed.

7. The Policy's Insuring Agreement represents:

> To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages resulting from any claim or claims first made against the Insured and reported to the Company during the Policy Period for any Wrongful Act of the Insured . . . .

*Id.,* "Insuring Agreement," ¶ 1.

**RESPONSE:** Disputed as incomplete. The Insuring Agreements read as follows:

… the Company hereby agrees as follows:

---

[1] "Vandiver Aff." refers to Doct. 47, the Affidavit of R. Wade Vandiver Submitted in support of Colony Insurance Company's Motion for Summary Judgment, which, along with its attached exhibits, is also being submitted in connection with Colony's Opposition to AIG's Motion for Summary Judgment.

1.   **PROFESSIONAL LIABILITY**

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages resulting from any claim or claims first made against the Insured and reported to the Company during the Policy Period for any Wrongful Act of the Insured or of any other person for whose actions the Insured is legally responsible, but only if such Wrongful Act occurs prior to the end of the Policy Period and occurs solely in the rendering of or failure to render Professional Service.

2.   **DEFENSE COSTS, CHARGES AND EXPENSES INCLUDED IN THE LIMIT OF LIABILITY**

With respect to any such Wrongful Act for which insurance is afforded by this policy under Insuring Agreement 1. above, the Company shall, as part of and subject to the limit of liability, pay on behalf of the Insured Defense Costs, Charges and Expenses. The Company shall at all times have the right but not the duty to assume the defense of any claim or suit against the Insured, and in the event of the exercise of this right the Insured shall provide the Company with full cooperation.

The Insured shall not admit liability for or settle any claim or suit or incur any Defense Costs, Charges or Expenses without the Company's prior written consent, which consent shall not be unreasonably withheld; however, if the Insureds are able to dispose of all claims which are subject to one retention amount, for an amount not exceeding the retention amount (inclusive of Defense Costs, Charges and Expenses) then the Company's consent shall not be required for such claims.

(Vandiver Aff., Ex. A, Policy, Insuring Agreements, ¶1, as amended by Endorsement 25, Insuring Agreements, ¶2).

8.   Colony issued Schlup a Commercial General Liability Policy no. GL3127434 (the "Schlup Policy"), effective December 24, 2003 to June 22, 2004, with a general aggregate limit of $2,000,000. Novack Decl., Exs. C (Schlup Policy) and A (Complaint), ¶¶15, 31.

**RESPONSE:** Undisputed.

9.   On May 2, 2013, Schlup was served with a complaint, which named it as a defendant in a construction defect lawsuit in the Circuit Court of Camden County, Missouri styled *Plaza Gardens on the Lake Condominium Ass 'n, et al. v. Plaza Gardens on the Lake, Inc., et al.,* Case No. 09CV-CC00376 (the "First Action"). Novack Decl., Exs. A (Complaint), ¶ *15; id.,* Ex. D (First Action Complaint).

3

**RESPONSE:** <u>Disputed</u> as unsupported by the evidence cited. On October 13, 2009, Plaza Gardens on the Lake Condominium Association filed a construction defect lawsuit against Colony's Insureds Michael Schlup and Schlup Investment, Inc., and other defendants (the 2009 Lawsuit). (Vandiver Aff., ¶8). On February 15, 2013, Colony received a copy of the Second Amended Petition in the 2009 Lawsuit and a Third Amended Complaint was forwarded to Colony on August 8, 2013. (Vandiver Aff., ¶9). A copy of the Third Amended Complaint is attached to the Vandiver Affidavit at Exhibit B. (Vandiver Aff., ¶9, Ex. B, Third Amended Complaint).

10. In the First Action, Schlup and others were sued by Plaza Gardens on the Lake Condominium Associations ("Plaza Gardens") in connection with the alleged negligent construction of a housing development in Lake Ozark, Missouri. Plaintiffs sought $15,843,989.14 in damages. *See generally* Novack Decl., Ex. D (First Action Complaint).

**RESPONSE:** <u>Disputed</u>. The cited evidence, Ex. D to the Novack Decl., does not state that Plaintiffs seek $15,843,989.14 in damages. *See also*, RESPONSE to paragraph 9 which disputes AIG's description of the 2009 Lawsuit.

11. On July 31, 2013, a mediation was held amongst the parties in the First Action and three of Schlup's other insurers. Novack Decl., Ex E (July 30, 2014 Order, 09CM-CC00376, ¶ 9).

**RESPONSE:** Objection, <u>immaterial</u>. The propriety of Colony's claims handling of the 2009 Lawsuit is not at issue in this litigation. This litigation involves AIG's wrongful denial of coverage for the Extra-Contractual Claim made against Colony. Objection, <u>unsupported by the evidence submitted</u> because paragraph 9 of the Order referenced is not included within Ex. E to the Novack Decl. and the statement makes the unsupported conclusion that "the parties in the First Action and three of Schlup's other insurers" attended a July 31, 2014, mediation.

12. Despite having been ordered by the Court in the First Action to participate in the mediation on behalf of Schlup, Colony did not attend the mediation. *Id.;* Novack Decl., Ex F (September 13, 2013 letter from Schlup's counsel, Thomas J. Dickerson, to Colony "September 13 Demand Letter").

4

**RESPONSE:** Objection, <u>immaterial</u>. The propriety of Colony's claims handling of the 2009 Lawsuit is not at issue in this litigation. This litigation involves AIG's wrongful denial of coverage for the Extra-Contractual Claim made against Colony.

13. Schlup reported the claim by Plaza Gardens to Colony in March 2013, which eventually became the First Action. Novack Decl., Ex. G (Colony Claim Notes)

**RESPONSE:** <u>Disputed</u>. On February 15, 2013, Colony received from Schlup a copy of the Second Amended Petition in the 2009 Lawsuit and a Third Amended Complaint was forwarded to Colony on August 8, 2013. (Vandiver Aff., ¶9).

14. On August 7, 2013, Colony denied coverage because Schlup had canceled its policy prior to the completion of the first building and the Colony policy precluded damages for "expected or intended" property damage. Novack Decl., Ex. H (August 7, 2013 Coverage Letter).

**RESPONSE:** <u>Immaterial</u>. The reasons for Colony's coverage position are immaterial to this litigation. This litigation involves AIG's wrongful denial of coverage for the Extra-Contractual Claim made against Colony.

Subject to and notwithstanding this objection, paragraph 14 is <u>Disputed</u> because it is an incomplete description of the August 7, 2013, Coverage Letter which speaks for itself.

15. On September 13, 2013, Plaza Gardens, plaintiff in the First Action, demanded that Schlup and the other defendants pay $9,000,000 to settle the lawsuit. Novack Decl. Ex. I (September 13 Settlement Demand Letter from counsel for Plaza Gardens, Scott C. Long, to counsel for Schlup, Thomas J. Dickerson).

**RESPONSE:** <u>Undisputed</u> that Plaza Gardens, the plaintiff in the 2009 Lawsuit, made a demand against Michael Schlup, Schlup Investment, and Plaza Gardens on the Lake, Inc. to pay $9,000,000 to settle the 2009 Lawsuit. <u>Disputed</u> that Ex. I. to the Novack Decl. is a true and correct copy of the September 13, 2013, letter from Plaza Gardens' attorney, since it includes pages that were not included with that letter. (*See*, Vandiver Aff., Ex. C).

16. The $9,000,000 demand consisted of the combined policy limits for the defendants in the First Action, under various insurance policies: Auto-Owners Insurance policies

5

($3,000,000), Zurich ($2,000,000), Western World Insurance Company policy ($2,000,000) and Colony Specialty Insurance policy ($2,000,000). *Id.*

**RESPONSE:** Disputed. The $9,000,000 demand that Plaza Gardens made against Michael Schlup, Schlup Investment, and Plaza Gardens on the Lake, Inc. consisted of the combined policy limits of only the following defendants in the 2009 Lawsuit: Plaza Gardens on the Lake, Inc., Schlup Investment, and Michael G. Schlup. (Novack Decl. Ex. I). Additional defendants were named in the 2009 Lawsuit. (Novack Decl. Ex. D).

17. The settlement demand indicated that three of the defendants' carriers had agreed to pay their policy limits, but understood that Colony was "refusing to contribute." *Id.*

**RESPONSE:** Undisputed.

18. On September 13, 2013, Schlup's counsel sent an *"URGENT"* letter to Colony forwarding the settlement demand from the underlying plaintiffs (the "September 13 Demand Letter"). Novack Decl., Ex F (September 13 Demand Letter). Schlup informed Colony that the other three insurers had offered their limits to settle the case, yet Colony refused to do so. *Id.*

**RESPONSE:** Undisputed that Schlup's counsel sent the September 13, 2013, letter that contained the word "URGENT" and that forwarded a settlement demand that the Schlup Insureds received from Plaza Gardens. Objection to the characterization of the statement made in the letter as hearsay. Subject to and nothwithstanding this objection, the statement that Colony had refused to offer its policy limit before September 2013 is Disputed since the September 13, 2013, letter is the first policy limit settlement demand received by Colony. (Novack Decl. Ex. F).

19. The September 13 Demand Letter repeatedly demanded Colony pay its aggregate limit to settle the claim, stating in relevant part:

> **My clients hereby demand that Colony offer and pay its aggregate policy limits of $2,000,000.00 on this claim to Plaintiff to fully and finally resolve the claim against its insureds.**
>
> . . . .
>
> **If Colony fails to offer and pay its aggregate limits, my client will proceed with resolving this case with Plaintiffs and proceed[] with**

6

> **a lawsuit along with Plaintiffs to collect any excess judgment rendered at trial, which we fully expect to be in excess of $15,000,000.00.**

*Id*. at 1 and 3 (emphasis in original).

**RESPONSE:** <u>Undisputed</u> that the letter contains the quoted text. <u>Object</u> to the conclusory characterization of the letter.

20. The September 13 Demand Letter further threatened Colony, stating:

> My client wants to give Colony this one last chance to fulfill its duties to its insured and pay policy limits on this claim. If Colony fails to do so, my client will be forced to enter into an agreement with Plaintiffs to protect himself from an excess judgment, and restrict collection of any judgment to proceeds from **a lawsuit against Colony for bad faith and equitable garnishment**

*Id*. at 3 (emphasis added).

**RESPONSE:** <u>Undisputed</u> that the letter contains the quoted text. <u>Object</u> to the conclusory characterization of the letter.

21. The September 13, 2013 Demand Letter detailed Colony's deficiencies in handling Schlup's claim, including "lack of prior communication" on the claim, failure to "fully investigate this loss," and failure "to timely provide requested documents." *Id*. at 2.

**RESPONSE:** <u>Undisputed</u> that the September 13, 2013, Letter made allegations of "bad faith" claims handling.

Paragraph 21 is otherwise <u>Disputed</u> because AIG submitted no evidence proving that Colony handled the Schlup claim deficiently, which is <u>Immaterial</u>. The propriety of Colony's claims handling is immaterial to this litigation. This litigation involves AIG's wrongful denial of coverage for the Extra-Contractual Claim made against Colony.

22. It continued, "[i]f Colony fails to meet the Plaintiff's policy limits demand, I have no doubt that discovery will reveal even more evidence that Colony has acted in bad faith in the handling of my client's claim." *Id*.

7

>   **RESPONSE:** Objection, <u>Immaterial</u>. The propriety of Colony's claims handling is immaterial to this litigation. This litigation involves AIG's wrongful denial of coverage for the Extra-Contractual Claim made against Colony.

23. The letter also cited to Missouri case law, pursuant to which Colony would incur liability for each of the claims and judgment threatened. *Id.* at 2. It continued, "Based upon Colony's coverage denial, pursuant to Missouri law, my client is now free to do whatever is necessary under Missouri law to protect himself and his company from an excess judgment." *Id*.

>   **RESPONSE:** <u>Disputed</u>. The September 2013 Letter does not state that Colony would be liable under the case law cited. The September 2013 letter cites case law setting forth an insurer's fiduciary duty. (Novack Decl., Ex. F).
>
>   It is <u>undisputed</u> the following sentence is contained in the letter: "Based upon Colony's coverage denial, pursuant to Missouri law, my client is now free to do whatever is necessary under Missouri law to protect himself and his company from an excess judgment."

24. On September 17, 2013, Schlup sent Colony a final demand to tender Colony's $2,000,000 limits or face a bad faith suit (the "September 17 Demand Letter"). Novack Decl., Ex J. (September 17 Demand Letter).

>   **RESPONSE:** <u>Disputed.</u> The statement mischaracterizes the letter. The September 17, 2013, letter actually stated the following:
>
>> There is a pretrial conference in this matter set for this Thursday, September 19, 2013, and the judge has informed us that voir dire is to occur next Wednesday, September 25, 2013. Trial will begin October 1, 2013. The time for a decision is now.
>>
>> **My clients hereby renews their demand that Colony offer and pay its aggregate policy limits of $2,000,000.00 on this claim to Plaintiffs to fully and finally resolve the claim against its insured. Plaintiffs' have placed a deadline to respond to this offer by Wednesday, September 18, 2013 at 5:00 pm. If Colony fails to offer and pay its aggregate policy limits, my client will proceed with resolving this case with Plaintiffs and proceeding with a lawsuit along with Plaintiffs to collect any excess judgment rendered at trial, which we fully expect to be in excess of $15,000,000.00.**

8

(Novack Decl. Ex. J.) In addition, the final $2 Million settlement demand was sent by the Schlup Insureds' attorney to Colony on September 19, 2013. (Vandiver Aff., Ex. F).

25. The September 17 Demand Letter stated, "Please be advised that this will be the <u>final letter</u> before we negotiate with the Plaintiffs to fully and finally resolve this claim." *Id*., ¶20 (emphasis in original).

**RESPONSE:** <u>Undisputed</u> that the letter contains the quoted text. However, the final $2 Million settlement demand was sent by the Schlup Insureds' attorney to Colony on September 19, 2013. (Vandiver Aff., Ex. F).

26. It further stated: "**My clients hereby renews their demand that Colony offer and pay its aggregate policy limits of $2,000,000 on this claim to Plaintiffs to fully and finally resolve the claim against its insured.**" *Id*. (emphasis in original)

**RESPONSE:** <u>Undisputed</u> that the letter contains the quoted text.

27. On October 1, 2013, Schlup entered into a settlement agreement in the First Action (the "Schlup Settlement Agreement"), which dismissed Schlup without prejudice. Novack Decl. Ex. K (Settlement Agreement).

**RESPONSE:** <u>Undisputed</u> as to Schlup Investment, Inc. Michael Schlup, also a Colony policy insured (Vandiver Aff., ¶8), was dismissed from the 2009 Lawsuit with prejudice. (Novack Decl. Ex. K). Colony learned for the first time that Schlup and Plaza Gardens had entered into the October 1, 2013, settlement agreement when it received a copy of Plaza Gardens' unfiled Garnishment Complaint on July 31, 2014. (Vandiver Aff., ¶24-25).

28. Schlup's three other insurers tendered their aggregate limits of $7,000,000. *Id*.

**RESPONSE:** <u>Disputed</u>. Schlup's two insurers tendered their aggregate limits of $2 Million each, for a total of $4 Million. Auto Owners, the insurer of Plaza Gardens on the Lake, Inc. (Novack Decl. Ex. F., p. 3) tendered its $3 Million in limits. (*See*, Novack Decl., Ex. K.). Colony learned for the first time that Schlup and Plaza Gardens had entered into the October 1,

9

2013, settlement agreement when it received a copy of Plaza Gardens' unfiled Garnishment Complaint on July 31, 2014. (Vandiver Aff., ¶24-25).

29. The Schlup Settlement Agreement stated, "Colony's refusal to unconditionally defend and indemnify Plaintiffs, Plaza Gardens on the Lake, Inc., Schlup Investments, Inc., and Michael G. Schlup is unfounded, unreasonable, in violation of the Colony Policy, and in **bad faith**." *Id*. (emphasis added).

**RESPONSE:** While the Schlup Settlement Agreement contains the text set forth in Paragraph 29, this paragraph is <u>disputed</u> because the text is incomplete and has been quoted out of context. Colony also <u>objects</u> to the statement as hearsay to the extent it is intended to prove the truth of the hearsay quoted. Colony learned for the first time that Schlup and Plaza Gardens had entered into the October 1, 2013, settlement agreement when it received a copy of Plaza Gardens' unfiled Garnishment Complaint on July 31, 2014. (Vandiver Aff., ¶24-25).

30. Schlup assigned its insurance rights against Colony to the underlying plaintiff. *Id*.

> (d) Schlup Investments, Inc. assigns any action or claim it has or may have against Colony for breach of contract, bad faith, or any other causes of action arising out of the refusal by Colony to defend and settle the claims made by Plaintiffs against Schlup Investments, Inc.

*Id*., ¶4(d).

**RESPONSE:** <u>Undisputed</u> that the Schlup Settlement Agreement contains the quoted text. Colony learned for the first time that Schlup and Plaza Gardens had entered into the October 1, 2013, settlement agreement when it received a copy of Plaza Gardens' unfiled Garnishment Complaint on July 31, 2014. (Vandiver Aff., ¶24-25).

31. Schlup also waived its rights to provide any defense in future litigation with Plaintiffs.

> (c) Schlup Investments, Inc. waives the right to present evidence, object to evidence, question witnesses called by Plaintiffs, to make argument to the court, or appeal any judgment or decision of the Court.

Id. ¶ 4(c).

**RESPONSE:** Undisputed that the Schlup Settlement Agreement contains the quoted text.

Disputed that Schlup waived its rights to defend future litigation, since Schlup tendered the defense of the later-filed 2014 Lawsuit to Colony. (Vandiver Aff., ¶17, Ex. G).

Colony learned for the first time that Schlup Investment and Plaza Gardens had entered into the October 1, 2013, settlement agreement when it received a copy of Plaza Gardens' unfiled Garnishment Complaint on July 31, 2014. (Vandiver Aff., ¶24-25).

32. The First Action went to trial and resulted in an additional $4 million judgment from the non-settling defendants. Novack Decl. Ex L (Colony Motion for Relief from Judgment).

**RESPONSE:** Undisputed.

33. On January 9, 2014, Plaza Gardens commenced a second lawsuit against Schlup in the Circuit Court of Camden County, Missouri styled *The Plaza Gardens on the Lake Condominium Owners' Association, Inc. v. Schlup Investment, Inc.*, Case No. 14CM-CC00005 (the "Second Action") for property damage incurred as a result of Schlup's acts and/or omissions. Novack Decl. Ex. M (Complaint in Second Action).

**RESPONSE:** Undisputed.

34. Consistent with the Settlement Agreement, Schlup did not defend itself in the Second Action. Novack Decl., Ex K (Settlement Agreement).

**RESPONSE:** Disputed. Schlup tendered the defense of the 2014 Lawsuit to Colony. (Vandiver Aff., ¶17, Ex. G).

35. After a July 15, 2014 bench trial, Plaza Gardens obtained a judgment against Schlup in the Second Action for $20,153,878.87 plus interest (the "Second Action Judgment"). Novack Decl., Ex N (Second Action Judgment).

**RESPONSE:** Undisputed.

36. Consistent with the Settlement Agreement, Schlup did not object to the damages awarded in the Second Action Judgment.

**RESPONSE:** <u>Undisputed</u> only that Schlup did not object to the damages awarded in the 2014 Lawsuit. Colony <u>objects</u> to the remainder of the statement as being conclusory and argumentative, and is, accordingly, improper.

37. On August 4, 2014, Schlup joined forces with Plaza Gardens, suing Colony for: (1) equitable garnishment; (2) bad faith; and (3) breach of fiduciary duty (the "Garnishment Action"). See Novack Decl., Ex O (Garnishment Action Complaint).

**RESPONSE:** <u>Disputed</u>. The Garnishment Lawsuit was filed by Plaza Gardens. Schlup Investment agreed that Plaza Gardens could prosecute the Garnishment Lawsuit in its name. (Novack Decl., Ex. O, Garnishment Complaint, ¶22).

38. The Garnishment Action, styled *Plaza Gardens on the Lake Condominium Owners' Association, Inc., et. al v. Colony Insurance Company, et al*, sought to recover from Colony the judgment in the Second Action in the amount of $20,153,878.87 plus interest. *Id*.

**RESPONSE:** <u>Undisputed</u>.

39. The Garnishment Action made several allegations related to Colony's actions in the First Action, including:

- The refusal of Colony to settle and finally resolve the claims against [Schlup] arising out of the PGCD in the First Lawsuit exposed [Schlup] to a potential excess verdict in not only the First Lawsuit, but also the Underlying Action. *Id*., ¶52
- Colony owed a fiduciary duty to [Schlup] to evaluate and negotiate the claims against [Schlup] in the First Lawsuit and in the Underlying Lawsuit in good faith. *Id*., ¶53
- Following Colony's refusal to settle within policy limits or provide any defense in either the First Lawsuit or the Underlying Lawsuit, a trial on the merits of the Association's claims against [Schlup] was conducted, to the Court. *Id*., ¶54
- As a direct and proximate result of the breaches of duties owed by Colony to [Schlup], [Schlup] sustained damages including, but not limited to, the entry of judgment against [Schlup] and in favor of the Association in the amount of $20,153,878.87, plus post judgment interest at the rate of 5.09%. *Id*., ¶56

**RESPONSE:** <u>Objection</u>, Paragraph 39 refers to allegations made in the Garnishment Complaint, which allegations are hearsay and cannot be offered to prove the truth of the matter asserted in those allegations. Subject to the foregoing objection, it is <u>Undisputed</u> that Paragraphs

52, 53, 54, and 56 of the Garnishment Complaint make the allegations set forth in AIG's Statement of Fact Paragraph 39.

    40.    On March 16, 2015 Colony settled the Garnishment Action with the underlying plaintiffs and Schlup for $5 million. Novack Decl., Ex A (Complaint), ¶ 27.

**RESPONSE:** Disputed. Colony settled the Garnishment Lawsuit with Plaza Gardens Home Owners' Association, Inc., on its own behalf and as assignee of Schlup Investment, Inc. and Michael Schlup. (Second Vandiver Aff.[2], ¶16).

    41.    Colony reported the Garnishment Action to AIG Specialty on August 20, 2014. Novack Decl., Ex. P (Notice of Claim).

**RESPONSE:** Undisputed.

    42.    Colony treated the Garnishment Action, the Second Action, and the First Action, including the September 13 Demand Letter, as a single claim, handling all of the actions under one claim number. Novack Decl., Ex. G (Colony Claims Notes).

**REPONSE:** Objection, Immaterial. AIG takes the position that "claim" is an unambiguous AIG Policy term that should be interpreted in accordance with its plain and ordinary meaning without the aid of such extrinsic evidence. (AIG Brief, Doct. 37, p. 1-2, citing, *Quanta Lines Ins. Co. v. Inv'rs Capital Corp.*, 2009 U.S. Dist. LEXIS 117689, at *23 (S.D.N.Y. Dec. 17, 2009); *Windham Solid Waste Mgmt. Dist. v. Nat'l Cas. Co.*, 146 F.3d 131, 134 (2nd Cir. 1998).)

    Subject to and notwithstanding this objection, Paragraph 42 is Disputed. Colony handled the matters in different files and treated them as separate matters. The September 2013 Letter was handled within the file for the 2009 Lawsuit, file number 222380, which was closed on November 19, 2013. (Second Vandiver Aff., ¶6). That file was re-opened upon receipt of the 2014 Lawsuit because the lawsuits involved the same construction project. (Second Vandiver Aff., ¶7).

---

[2] "Second Vandiver Aff." refers to the Second Affidavit of R. Wade Vandiver Submitted in Support of Colony Insurance Company's Opposition to AIG's Motion for Summary Judgment.

The Declaratory Judgment Complaint filed by Colony was handled under a separate file, C222380. (Second Vandiver Aff., ¶8). A third separate file, EC222380, was opened for the handling of the Extra-Contractual Claim which was handled separately from the 2009 Lawsuit, the September 2013 Letter, and the 2014 Lawsuit. (Second Vandiver Aff., ¶9).

43. Colony failed to report the September 13 Demand Letter as required by its bordereau contractual reporting requirement in 2013. *See* Novack Decl., Ex. Q (2013 Bordereau, Claim Nos. 215942, 4112410, 222025, 222285, 191561, TNT-0107861, TNT-0105540, TNT-0084213, TNT-0092484, TNT-0096891). The footnote to paragraph 43 states: A bordereau is a written report or memorandum prepared for the insurance company to provide an accurate summary of an insured's risk. In accordance with the AIG Policy, Colony was required to report any communication in which an individual or entity has made allegations against an Argo Group entity, or its officers, directors or employees of the breach of the duty of good faith and fair dealing, bad faith, violations of statues or regulations applicable to claims handling practices, or a demand for extra-contractual, exemplary, or punitive damages.

**RESPONSE:** Objection, paragraph 43 and the footnote to 43 are immaterial, given that AIG takes the position that "claim" is an unambiguous AIG Policy term that should be interpreted in accordance with its plain and ordinary meaning without the aid of extrinsic evidence. (AIG Brief, Doct. 37, p. 1-2, citing, *Quanta Lines Ins. Co. v. Investors Capital Corp.*, 2009 U.S. Dist. LEXIS 117689, at *23 (S.D.N.Y. Dec. 17, 2009); *Windham Solid Waste Mgmt. Dist. v. Nat'l Cas. Co.*, 146 F.3d 131, 134 (2nd Cir. 1998).)

Paragraph 43, including its footnote, are also inappropriate and objectionable because: they do not contain any statement of fact supported by citation to admissible evidence; they contain inadmissible hearsay; they make legal conclusions; they contain unsubstantiated opinions; they are unsupported by the admissible evidence in the record; and Ex. Q does not support the conclusions set forth in Paragraph 43.

Subject to and notwithstanding these objections, Paragraph 43 is Disputed. The AIG Policy is not applicable because it was not in effect when the 2013 bordereau was submitted. (Second Vandiver Aff., ¶10). Contrary to the conclusory statements made in Paragraph 43, even

14

if the AIG Policy applied to the 2013 bordereau report, the AIG Policy did not require Colony to report allegations against an Argo Group entity, or its officers, directors, or employees of breach of the duty of good faith and fair dealing, bad faith, or statutory or regulatory violations since the AIG Policy requires only that Colony notify AIG of "claims." (SOF ¶11, Ex. A, Policy, End. 14).

The bordereau entries identified by AIG in Paragraph 43 are not similar to the September 2013 Letter in any respect. Two of the bordereau entries involved actual lawsuits brought against the insurer and no lawsuit was filed against Colony in September 2013. (Second Vandiver Aff., ¶11). The remaining bordereau entries are statutory demand letters, which were sent pursuant to Massachusetts General Laws chapter 93A or Florida Statutes Section 624.155. (Second Vandiver Aff., ¶13). The September 2013 Letter was not a statutory demand under these, or any other statute. (SOF, ¶16-19, Ex. C, D, and F; Second Vandiver Aff., ¶14). Colony receives in the regular course of business numerous communications like the September 2013 Letter which make a policy limit settlement demand and threaten litigation if Colony does not settle. (Second Vandiver Aff., ¶16). The 2013 bordereau does not reference any such non-statutory policy limit settlement demands. (Second Vandiver Aff., ¶15).

44. By letter dated September 15, 2014, AIG Claims, Inc. acknowledged the claim and reserved all rights and requested documents and information from Colony. Novack Decl., Ex. R (September 15, 2014 Reservation of Rights Letter).

**RESPONSE:** <u>Disputed</u>. AIG acknowledged the Extra-Contractual Claim on August 20, 2014. (Second Vandiver Aff., ¶5). <u>Undisputed</u> that through the September 15, 2014, letter, AIG reserved its rights with respect to coverage and requested information from Colony regarding Colony's defense counsel's rates and to evaluate coverage and determine its exposure. (Vandiver Aff, ¶32, Ex. R, September 15, 2014, letter).

45. On October 31, 2014 AIG Claims, Inc. supplemented its reservation of rights. Novack Decl., Ex. S (October 31, 2014 Reservation of Rights Letter).

15

**RESPONSE:** <u>Undisputed</u> only that on the afternoon of October 31, 2014, the Friday before mediation of the Extra-Contractual Claim, AIG supplemented its coverage position, describing it as AIG's "preliminary coverage evaluation" which reserved, for the first time, AIG's rights with respect to whether the Extra-Contractual Claim predated the AIG Policy Period. (Vandiver Aff., ¶¶34-35).

### COLONY'S RULE 56.1 STATEMENT OF ADDITIONAL UNDISPUTED FACTS REQUIRING THE DENIAL OF AIG'S MOTION FOR SUMMARY JUDGMENT

1. – 57.  For Paragraphs 1 – 57 of Colony's Rule 56.1 Statement of Additional Undisputed Facts that require denial of AIG's motion for summary judgment, Colony incorporates Paragraphs 1 – 57 of Colony's Rule 56.1 Statement of Material Undisputed Facts in Support of its Motion for Summary Judgment (Doct. 41) (along with the supporting Affidavits of R. Wade Vandiver (Doct. 47) and Nancy K. Tordai (Doct. 48), and the exhibits thereto) as though each paragraph of Doct. 41 is fully stated herein.

58. AIG acknowledged the Extra-Contractual Claim on August 20, 2014. (Second Vandiver Aff., ¶5).

59. Colony handled the 2009 Lawsuit, the September 2013 Letter, the 2014 Lawsuit, and the Extra-Contractual Claim in different files. (Second Vandiver Aff., ¶6-9).

60. The September 2013 Letter was handled within the file for the 2009 Lawsuit, file number 222380, which was closed on November 19, 2013, after Colony had received no further communications from Schlup. That file was re-opened upon receipt of the 2014 Lawsuit because the lawsuits involved the same construction project. (Second Vandiver Aff., ¶6-7).

61. The Declaratory Judgment Complaint that Colony filed on April 14, 2014, was handled under a separate file, C222380. (Second Vandiver Aff., ¶8).

62. A third separate file, EC222380, was opened for the handling of the Extra-Contractual Claim. The Extra-Contractual Claim was handled separately from the 2009 Lawsuit, the September 2013 Letter, and the 2014 Lawsuit. (Second Vandiver Aff., ¶9).

63. The AIG Policy did not control Colony's reporting obligations when Ex. Q to the Novack Affidavit was submitted in 2013 before the AIG Policy incepted. (Second Vandiver Aff, ¶10).

64. Even if the AIG Policy applied to the 2013 bordereau report, it did not require Colony to report potential claims since the AIG Policy requires only that Colony notify AIG of "claims" that the Complex Claim Litigation Director or General Counsel is aware of. (Vandiver Aff., Ex. A, Policy, Special Provision, ¶3, as amended by Endorsement 14).

65. Two of the bordereau entries identified by AIG, 222025 and 4112410, involved actual lawsuits brought against the insurer. Bordereau entry 222025 involved a matter where Colony was named a third party defendant to underlying litigation. (Novack Aff., Ex. Q; Second Vandiver Aff., ¶11). Bordereau entry 4112410 involved a lawsuit filed against an Argo Lloyd's syndicate, which subscribed to a policy issued by the Underwriters at Lloyd's, London. (Second Vandiver Aff., ¶11).

66. Schlup and Plaza Gardens had not filed a lawsuit against Colony when the 2013 bordereau was submitted. (Second Vandiver Aff., ¶12).

67. The remaining bordereau entries cited by AIG, TNT-0084213, 215942, 222285, TNT-0107861, 215942, TNT-0096891, TN-0092484, 191561, TN-0105540 involved statutory demand letters that were sent pursuant to Massachusetts General Laws chapter 93A or Florida

17

Statutes Section 624.155. (Ex. Q, Novack Decl.; Second Vandiver Aff., ¶13). The September 2013 Letter was not a statutory demand that was sent pursuant to Massachusetts General Laws chapter 93A, Florida Statutes Section 624.155, or any other such statute. (Second Vandiver Aff., ¶14, Vandiver Aff. (Doct. 41), Ex. C, D, F).

68.   Colony receives in the regular course of business numerous communications like the September 2013 Letter which make a policy limit settlement demand and threaten litigation if Colony does not settle. (Second Vandiver Aff., ¶16).

69.   The 2013 bordereau does not include matters that involve such non-statutory policy limit settlement demands. (Second Vandiver Aff., ¶15).

70.   The $20,153,878.87 judgment was entered in the 2014 Lawsuit against Schlup Investment after the court considered the evidence and arguments presented at a July 15, 2014, trial of that lawsuit. (Vandiver Aff., ¶22, Ex. L, p. 1).

71.   Colony settled the Garnishment Lawsuit with Plaza Gardens Home Owners' Association, Inc., on its own behalf and as assignee of Schlup Investment, Inc. and Michael Schlup. (Second Vandiver Aff., ¶17).

Dated: February 17, 2017          Respectfully submitted:

/s/Nancy K. Tordai
Nancy K. Tordai (48294 – admitted *pro hac vice*)
Peters & Nye LLP
14 Executive Court, Suite 2
South Barrington, IL 60010
Tel:  847-423-0353
Fax:  847-381-1693
nancytordai@petersnye.com

/s/James Walsh
James Walsh (JW-4605)
Lauren Smith
London Fischer LLP
59 Maiden Lane

New York, NY 10038
Tel: 212-972-1000
Fax: 212-972-1030
jwalsh@londonfischer.com
lsmith@londonfischer.com

*Attorneys for Plaintiff*
*Colony Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2017, a true copy of the foregoing **COLONY INSURANCE COMPANY'S RULE 56.1 RESPONSE TO AIG SPECIALTY INSURANCE COMPANY'S RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS AND COLONY'S RULE 56.1 STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS REQUIRING THE DENIAL OF AIG'S MOTION FOR SUMMARY JUDGMENT** was served, pursuant to the Federal Rules of Civil Procedure, via (i) ECF filing, and (ii) first class mail service offered by the U.S. Postal Service, addressed to defendant's counsel of record as follows:

> Robert Novack, Esq.
> Bressler, Amery & Ross, P.C.
> 17 State Street
> New York, NY 10004

Executed on: February 17, 2017

> /s/ James Walsh
>  James Walsh, Esq.
> *One of the Counsel for Colony Insurance Company*